UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOMER PHARES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:23-CV-508 RLW |
| | ) |
| MICHELE BUCKNER, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of petitioner Homer Phares's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the petition will be denied and dismissed as successive. *See* 28 U.S.C. § 2244(b).

### **Background**

Petitioner is a self-represented litigant who is currently incarcerated at the South Central Correctional Center in Licking, Missouri. On May 2, 2013, he was charged by information with one count of first-degree statutory rape, two counts of first-degree statutory sodomy, and one count of first-degree child molestation.[1] *State of Missouri v. Phares*, No. 09D9-CR00398-01 (24th Jud. Cir., Washington County). Following a jury trial, he was convicted of all four counts on June 10, 2015. On June 21, 2015, he was sentenced to a total term of 125 years' imprisonment. Petitioner filed a notice of appeal on June 23, 2015.

In his direct appeal, petitioner asserted one ground for relief, alleging error by the trial court in not allowing him to fully adduce testimony regarding the victim's prior accusations of sexual

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

abuse. *State of Missouri v. Phares*, No. ED103500 (Mo. App. 2016). On November 15, 2016, the Missouri Court of Appeals affirmed petitioner's judgment.

On February 21, 2017, petitioner filed a petition to vacate, set aside, or correct judgement under Missouri Supreme Court Rule 29.15. *Phares v. State of Missouri*, No. 17WA-CC0059 (24th Jud. Cir., Washington County). After an attorney was appointed, petitioner filed an amended petition on May 25, 2017. The amended petition contained three grounds for relief: (1) ineffective assistance of trial counsel during the penalty phase, for failure to investigate, subpoena, and call mitigation witnesses; (2) ineffective assistance of trial counsel for failure to investigate and present evidence that petitioner was suffering a mental disease or defect at the time of the crime; and (3) ineffective assistance of trial counsel for failure to adduce custom and usage evidence that the victim lied. The circuit court denied the motion on June 28, 2017. Petitioner filed a notice of appeal on July 17, 2017.

The Missouri Court of Appeals affirmed the judgment of the circuit court on August 7, 2018. *Phares v. State of Missouri*, No. ED105769 (Mo. App. 2018). The Court of Appeals issued its mandate on August 31, 2018.

On March 27, 2019, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *Phares v. Norman*, No. 4:19-CV-684-SRW (E.D. Mo.). The petition contained two grounds for relief: (1) denial of due process regarding a delay in serving petitioner's arrest warrant; and (2) ineffective assistance of trial counsel for failing to call three fact witnesses at trial. On February 2, 2021, the district court denied the petition, dismissed the case with prejudice, and declined to issue a certificate of appealability. Petitioner did not file an appeal.

Both during and after the pendency of his federal habeas action, petitioner continued to seek relief in state court.

On December 13, 2019, petitioner filed a petition for writ of habeas corpus under Missouri Supreme Court Rule 91 in the Circuit Court of Texas County. *Phares v. Buckner*, No. 19TE-CC00446 (25th Jud. Cir., Texas County). The petition alleged ineffective assistance of trial counsel in failing to properly investigate the case and subpoena witnesses. On January 30, 2020, the circuit court denied the petition because the facts set forth would not counter evidence of petitioner's guilt.

On May 4, 2020, petitioner filed a petition for writ of habeas corpus under Missouri Supreme Court Rule 91 in the Missouri Court of Appeals. *In re Phares v. Buckner*, No. SD36666 (Mo. Ct. App. 2020). The Court of Appeals denied the petition on May 6, 2020.

On September 25, 2020, petitioner filed a second petition for writ of habeas corpus under Missouri Supreme Court Rule 91 in the Circuit Court of Texas County. *Phares v. Buckner*, No. 20TE-CC00293 (25th Jud. Cir., Texas County). In this petition, he alleged he had newly discovered evidence regarding the prosecutor's alleged use of perjured testimony. On October 29, 2020, the circuit court denied the petition.

On June 25, 2021, petitioner filed a third petition for writ of habeas corpus under Missouri Supreme Court Rule 91 in the Circuit Court of Texas County. *Phares v. Buckner*, No. 21TE-CC00207 (25th Jud. Cir., Texas County). In the petition, he alleged that his trial attorney conducted an inadequate investigation, and presented five witness affidavits he believed would have made a difference in the outcome of the trial. On September 3, 2021, the circuit court denied the petition.

On June 13, 2022, petitioner filed a petition for writ of habeas corpus under Missouri Supreme Court Rule 91 in the Missouri Court of Appeals. *In re Phares v. Buckner*, No. SD37594 (Mo. App. 2022). The Court of Appeals denied the petition on June 15, 2022.

Finally, on February 21, 2023, petitioner filed a second petition for writ of habeas corpus pursuant to Missouri Supreme Court Rule 91 in the Missouri Court of Appeals. *In re Phares v.*

*Buckner*, No. SD37939 (Mo. Ct. App. 2023). The Court of Appeals denied the petition on February 23, 2023.

Petitioner filed the instant action on April 19, 2023. (Docket No. 1).

### The Petition

Petitioner's petition is on a Court-provided 28 U.S.C. § 2254 form. Including the attached exhibits, it is 131 pages long. In the petition, petitioner sets forth one ground for relief, alleging that the prosecutor violated his due process rights under the Fourteenth Amendment by knowingly using "perjured testimony and false evidence." (Docket No. 1 at 3-4). Specifically, petitioner points to discrepancies in victim's testimony at a deposition and the victim's later testimony at trial. (Docket No. 1 at 6).

### Discussion

Petitioner is a self-represented litigant who brings this petition pursuant to 28 U.S.C. § 2254. Before ordering respondent to respond, the Court must undertake a preliminary review of the petition. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. If it is plainly apparent "that the petitioner is not entitled to relief in the district court," the petition must be dismissed. Based on the Court's review, and for the reasons discussed below, the petition must be denied and dismissed because it is plainly apparent that it is successive, and lacks authorization from the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2244(b).

**A. Successive Petition**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all petitions for federal habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). Under AEDPA, there is a "stringent set of procedures" that a state prisoner "must follow if he wishes to file a second or successive habeas

4

corpus application challenging [his] custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Specifically, AEDPA imposes "three requirements on second or successive habeas petitions." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).

First, a claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). *See also Barnett v. Roper*, 904 F.3d 623, 632 (8th Cir. 2018) ("The court must dismiss any claim in a second or successive habeas application that was presented in a prior application").

Second, any claim that was not adjudicated in a prior application must be dismissed unless "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2). *See also Rouse v. United States*, 14 F.4th 795, 799 (8th Cir. 2021) (noting that AEDPA "imposed significant restrictions on second or successive state habeas corpus applications," and that "[a] claim not previously adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence").

Third, before a second or successive application "is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). It is for the court of appeals to determine whether a petitioner has presented "a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009). *See also Crawford v. Minnesota*, 698 F.3d 1086, 1089 (8th Cir. 2012) ("If a petition is second or successive, the court of appeals has a gatekeeping function to decide whether to grant preauthorization for it to be considered").

Before bringing a second or successive petition in the district court, a petitioner must file a "motion in the court of appeals for an order authorizing the district court to consider a second or successive application." 28 U.S.C. § 2244(b)(3)(B). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) . . . to the filing of a second or successive habeas petition"); and *Rhodes v. Smith*, 950 F.3d 1032, 1035-36 (8th Cir. 2020) (explaining that successive habeas petitions under 28 U.S.C. § 2254 "are tightly constrained by the provisions of AEDPA," and that "a petitioner must first seek an order authorizing the district court to consider a successive habeas petition under § 2244(b)(3)"). Authorization by the court of appeals is necessary for the district court to exercise jurisdiction over a second or successive 28 U.S.C. § 2254 petition. *See Burton*, 549 U.S. at 798 (explaining that "under AEDPA, [petitioner] was required to receive authorization from the Court of Appeals before filing his second challenge," and that because "he did not do so, the District Court was without jurisdiction to entertain it"). *See also Rhodes*, 950 F.3d at 1035-36 (explaining that the "procedural gates found in [28 U.S.C.] § 2244 . . . are jurisdictional in nature").

Here, as stated above, petitioner filed a prior petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 27, 2019. The petition was denied and the action dismissed with prejudice on February 2, 2021. Petitioner did not file an appeal. This prior § 2254 petition makes the instant petition second or successive.

Because petitioner is attempting to file a successive 28 U.S.C. § 2254 petition for writ of habeas corpus, he must first seek and obtain permission from the United States Court of Appeals for the Eighth Circuit. Petitioner has not sought or received that permission. Until petitioner is successful in obtaining the required authorization, this Court lacks subject matter jurisdiction over this action.

### B. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a 28 U.S.C. § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it plainly appears that petitioner is not entitled to relief because he has previously filed a § 2254 habeas petition in this Court, making the current petition second or successive. Before the Court has jurisdiction to entertain a successive petition, petitioner must first obtain authorization from the United States Court of Appeals for the Eighth Circuit. As he has not received permission, the Court lacks jurisdiction over this matter, and the case must be dismissed.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED and DISMISSED as SUCCESSIVE**. *See* 28 U.S.C. § 2244(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of May, 2023.